*In re* ESTATE OF STONE.

APPEAL OF COHN.

1. EXECUTORS AND ADMINISTRATORS — EXTRAORDINARY SERVICES — TESTAMENTARY TRUSTEES.

Additional compensation, charged by executors and allowed by probate court without statute as to such compensation having been complied with, may not be charged against same parties upon hearing on their annual accounts as testamentary trustees after they and their surety have been discharged as executors (3 Comp. Laws 1929, § 15929).

2. SAME—DISCHARGE.

Duties of a party as an executor terminate upon his discharge as such.

3. TRUSTS—TESTAMENTARY TRUSTEES—ACCOUNTING.

Liability of testamentary trustees on their bond as such extends only to the assets which come into their hands as such and they and surety on their bond cannot be charged with moneys which they have never received as trustees.

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—EFFECT OF PROBATE COURT ORDERS.

On appeal from allowance of account of testamentary trustees which disallowed claimed credit for charge made by them for extraordinary services as executors, finding of trial court that unappealed order of probate court allowing final account of executors, assigning residue and discharging executors was *res judicata* of all matters included in the account is not reviewed where claimed charge is disposed of otherwise.

5. WILLS—TESTAMENTARY TRUSTS—INCOME.

Trust provisions of will of testator who had five children at time will was made, when taken as a whole, *held,* to have intended that two daughters should receive sufficient to make a specified income even at the expense of the others but that such income should be charged against, and not be in addition to, their respective distributive shares.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted June 11, 1935. (Docket No. 77, Calendar No. 38,326.) Decided September 9, 1935. Rehearing denied October 30, 1935.

In the matter of the estate of Irving Lee Stone, deceased. Irving K. Stone and Marcus Martin Farley, testamentary trustees, filed their annual account for the years of 1930, 1931, 1932. Josephine Stone Cohn filed objections thereto. Amended account filed and petition for construction of the will. From judgment in probate court, Josephine Stone Cohn appealed to circuit court. From judgment, Josephine Stone Cohn appeals. Affirmed.

*Jackson, Fitzgerald & Dalm,* for appellant.

*Corliss, Leete & Moody (Henry F. Jacobs,* of counsel), for appellees.

NELSON SHARPE, J. The deceased in his last will and testament appointed Irving K. Stone and Mar-

cus Farley executors thereof. It appears that Irving K. Stone was also appointed special administrator of the estate. On September 11, 1928, they filed their final account, in which they charged the estate with $15,000 for their services as executors and, after due notice of the hearing thereof, it was allowed by the probate judge, and they were discharged on November 8, 1928, and the assets of the estate then in their hands were turned over to themselves as testamentary trustees named in the will after they had duly qualified as such by filing a bond in the sum of $25,000.

The trustees filed their first annual account on February 21, 1930, and after due notice of the hearing thereof, it was allowed. They filed accounts in the two succeeding years but no hearings were had thereon. On April 18, 1933, they filed their fourth account and due notice of the hearing thereof and of those previously filed was given. Objections thereto were filed on behalf of Josephine Stone Cohn, a daughter and one of the devisees under the will. The accounts were allowed by the probate judge and an appeal taken by Mrs. Cohn to the circuit court. After a hearing thereon, the order of the probate court was affirmed and the case is now before this court on the appeal therefrom.

The questions presented in the trial court are thus stated in the opinion filed therein:

"The objections to said account as filed in the probate court contained numerous objections not raised in this court. The parties by their respective attorneys stipulated and agreed in open court that there were but two legal questions for determination by the court on said appeal.

"(1) Whether or not, after an order has been entered in the probate court allowing the executors' final account, and allowing the extra compensation

without special petition being filed therefor as required by statute, and assigning the residue of the estate to the testamentary trustees, and the executors and their bondsmen have been discharged; and no appeal has been taken from said order, a party in interest, at a hearing on the annual accounts of the testamentary trustees several years later, may have the testamentary trustees charged with the amount received by the executors as extra compensation.

"(2) Does the will of said deceased require the payment to appellant, Josephine Stone Cohn, of income in the amount of $3,600 per annum plus a full share of income to be divided equally with the other legatees, or is the annuity of $3,600 assured to her under the terms of the will to be applied to and deducted from her distributive share of the income to be divided equally with the other legatees?"

1.    Section 15929, 3 Comp. Laws 1929, provides for the allowance by the probate court of additional compensation to executors and administrators who have performed extraordinary services on behalf of the estate, on petition therefor setting forth such services and that the order therefor shall recite in detail the service rendered and the allowance therefor. It is also stated therein that:—"in case the order does not contain such recitals as herein required, the same shall be void and of no effect." This statute was not complied with when the executors' account was filed and allowed by the probate court.

The trial court held that, although the same persons were named as executors and trustees, their duties were separate and distinct and that the trustees could not be charged in this proceeding with the allowance for compensation allowed them as executors by the probate court. In this, we think, he was clearly right. Their duties, as executors,

terminated when they were discharged. The liability on their bond, as trustees, extends only to the assets which come into their hands as such and they and the surety on their bond cannot be charged in this proceeding with moneys which they have never received. See *Gibney* v. *Allen,* 156 Mich. 301; 1 Perry on Trusts (5th Ed.), § 281.

The trial court also held the order of the probate court, allowing the final account of the executors, assigning the residue and discharging the executors, not having been appealed from, was *res judicata* of all matters included in the account. In view of the conclusion above reached we do not find it necessary to discuss or pass upon this question.

2. The other question presented requires the consideration of the provisions of the will of the deceased. At the time it was executed he had five children. In the first paragraph thereof he devised and bequeathed all of his property to the trustees. In subdivisions A and B thereof he made provisions for his wife. Subdivision D reads as follows:

"Said trustees shall pay to my daughter, Josephine Stone Cohn, during the continuance of this trust, out of the net income from said trust estate the sum of $3,600 per annum payable in monthly or other convenient installments, the same to be charged against her share of the income from said trust property that would otherwise be payable to her. I desire to insure my said daughter, Josephine, receiving at least this amount of income in preference to the shares of income going to my other children, except my daughter, Ethel."

Subdivision C contained a similar provision for his daughter Ethel M. Stone.

In subdivision E provision is made, subject to those above stated, for the division of the net income from the trust estate into five parts, "to be equalized

according to the adjustments hereinafter mentioned,'' one part to be given to each of his children, naming them.

The adjustments referred to appear in subdivision I and apply to the final division of the trust property in which several of the children are to be charged with advances theretofore made to them, and Ethel and Josephine with the excess payments of income beyond their respective shares which they have received under the above provisions.

A consideration of the entire will satisfied us, as it did the trial court, that the income which came into the hands of the trustees should be divided into five parts, adjusted as provided for in sub-division I, and if their respective shares thereof did not equal the sum of $3,600, that Ethel and Josephine should each be paid that amount. We see no reason for holding that they should receive that amount in addition to the distributive share of the income to which they would be entitled. The intent of the testator in this respect seems evident from the language used in the last paragraphs of subdivisions C and D:

"I desire to insure my said daughter * * * receiving at least this amount of income in preference to the shares of income going to my other children."

The purpose seems apparent. If the income, as divided, was sufficient to pay his daughters $3,600 each year, they should receive their share of it, if not, the shares of his other children should be lessened to permit such payment to be made. The conclusion thus reached is in accord with that of the probate court and the circuit court.

A number of other questions respecting the construction of the will are argued by counsel for the appellant.

As those we have considered were the only ones presented to, and determined by the circuit court, we do not feel called upon to discuss them.

The judgment appealed from is affirmed, with costs to appellees.

POTTER, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.